CURTIS, MALLET-PREVOST,
    COLT & MOSLE LLP
Benard V. Preziosi, Jr. (BP-5715)
Jonathan J. Walsh (JW-2704)
Alexandra G. Maier (AM-0868)
101 Park Avenue
New York, New York 10178
Tel:   (212) 696-6198
Fax:   (212) 697-1559

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/8/2008
```

Attorneys for Plaintiffs
INVISTA B.V. and INVISTA North America S.à r.l.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

INVISTA B.V. AND INVISTA North America S.à r.l.,

        Plaintiffs,

v.                                                08 CV 4298 (JGK)

E.I. DU PONT DE NEMOURS AND COMPANY,

        Defendant.

------------------------------------------------------------X

## ORDER TO SHOW CAUSE

        Upon the annexed affidavit of Benard V. Preziosi, Jr., sworn to May 6, 2008, and the exhibits thereto, including the Complaint, the affidavit of Kristin Westgard, sworn to May 5, 2008 (and its accompanying exhibits), and the affidavit of Raymond Geoffroy, sworn to May 5, 2008 (and its accompanying exhibits), the Plaintiffs' memorandum of law, and the proceedings heretofore had herein, it is

        ORDERED, that Defendant E.I. Du Pont de Nemours and Company ("DuPont") show cause before this Court, at Room 12B, Daniel Patrick Moynihan United States

Courthouse, 500 Pearl Street, in the City, County and State of New York, on May 16, 2008, at 3:00 o'clock in the a/fn noon thereof, why an Order should not be issued compelling DuPont to specifically perform its obligations under Section 5.18 of the Purchase Agreement dated November 16, 2003, by (i) making available in a timely fashion its employees for fact finding, consultation and interviews in connection with INVISTA's response to the statement of defense submitted by non-parties in a pending arbitration and as witnesses in connection with the preparation of witness statements and at any hearing in the arbitration; and (ii) keeping confidential all information relating to INVISTA's investigation of the facts, including, without limitation, information relating to INVISTA's requests for interviews, information relating to whom INVISTA did in fact interview and information discussed during, or derived from, the exchange between INVISTA and the DuPont employees; and it is further

ORDERED, that pursuant to Fed. R. Civ. P. 5.2~~(d)~~, ~~and~~ good cause having been shown, the Complaint and all papers ~~filed in~~ connection with this motion shall be filed under seal and sealed until such time, if any, that this Court issues another order unsealing all ~~or a portion of~~ such papers; and it is further

ORDERED, that service of ~~a copy of this order and annexed affidavits and the accompanying memorandum of law upon DuPont by email~~ these papers has been made on all counsel in Court on May 8, 2008 — on Thomas L. Sager, Esq., Assistant General Counsel ~~of DuPont, with~~ email copies ~~to William~~ E. Gordon, Esq. and Justin Miller, Esq. of DuPont on of before ___ o'clock on May ___, 2008 ~~shall be~~ deemed good and sufficient ~~service thereof~~; and it is further

Responsive papers are due on 5/14/08
Reply papers are due on 5/15/08.
Parties shall report to the Court on the status of this matter by telephone on 5/13/08 at 5:00 p.m.

-2-

-3-

ORDERED, that opposition papers, if any, shall be served by hand on counsel for Plaintiffs on or before _____ o'clock on May ___, 2008.

Dated: New York, New York
       May __, 2008

_____
United States District Judge