UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

INVISTA B.V. AND INVISTA North America S.à r.l.,

        Plaintiffs,

v.

E.I. DU PONT DE NEMOURS AND COMPANY,

        Defendant.

------------------------------------------------------------X

08 CV 4298 (JGK)

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/2008
```

## STIPULATED ORDER RESOLVING THE ACTION, INCLUDING DISMISSAL WITHOUT PREJUDICE

      WHEREAS INVISTA B.V. and INVISTA North America S.à r. l. (hereinafter "INVISTA") commenced this action by filing a complaint on May 7, 2008 and thereafter filed a motion, by order to show cause, seeking certain relief; and

      WHEREAS E.I. du Pont de Nemours and Company ("DuPont") submitted a letter dated May 8, 2008 in connection with INVISTA's complaint and motion; and

      WHEREAS the Court convened a hearing on May 8, 2008 and encouraged the parties to resolve the dispute that is the subject of INVISTA's complaint, and entered an order to show cause setting forth a schedule for the briefing of the motion; and

      WHEREAS the parties have resolved the dispute that is the subject of INVISTA's complaint as set forth herein and desire that the Court enter an Order setting forth the terms and conditions of that resolution as detailed herein;

      IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, by their undersigned counsel, as follows:

      1.    The action shall be dismissed without prejudice, with each of the parties bearing its own costs and expenses.

      2.    DuPont shall make Messrs. McKinney, Jackson and Foo available as follows:

          a.    On May 20, 2008, at the Wilmington Environmental Station, in connection with INVISTA's response to the Statement of Defense submitted by Rhodia S.A. and

and Foo copies of Rhodia's Statement of Defense and the exhibits thereto, which have previously been provided by INVISTA, so that they can prepare for the meetings, and the time limits set forth herein shall not be strictly enforced.

        e.      Neither DuPont nor Messrs. McKinney, Jackson or Foo shall disclose to anyone, including, without limitation, Rhodia (or any person or entity affiliated with Rhodia), its counsel or its consultants anything relating to the meetings, including, without limitation, (a) the list of topics to be provided by INVISTA, (b) the questions, answers or content of the discussions or (c) the identification or description of any documents reviewed before or during the meeting.

        4.      The conditions set forth in paragraphs 3. b. and e. shall also apply to the meetings set forth in paragraphs 2. b. and c.

        5.      The parties each reserve all rights relating to all other matters, including, without limitation, all matters concerning confidentiality and privilege relating to, and the use of, (a) any information discussed, disclosed or developed in connection with the meetings or (b) ADN technology, under the Purchase Agreement and related documents, including the Patent & Technical Information Agreement.

        6.      Nothing herein shall be construed, or argued by either party in any subsequent proceeding, as a precedent or an admission regarding any interpretation of any provisions of any agreement by and between the parties.

Dated:     New York, New York
              May 13, 2008

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

By: _____
Benard V. Preziosi, Jr. (BP-5715)
101 Park Avenue, 35th Floor
New York, New York 10178
Tel.: (212) 696-6000
Fax: (212) 697-1559

Attorneys for Plaintiffs

BOIES, SCHILLER & FLEXNER LLP

By: _____
Robert J. Dwyer (RD-6457)
575 Lexington Avenue, 7th Floor
New York, New York 10022
Tel.: (212) 446-2300
Fax: (212) 446-2350

Attorneys for Defendant

SO ORDERED

_____
United States District Judge

5/15/08

The Clerk is directed to close this case. So ordered.

/s/ 6/6/08
U.S.D.J.

-3-

affiliated entities (hereinafter "Rhodia") in the ad hoc arbitration described in the complaint (the "Arbitration").

        b.     On a reasonable basis to be determined by the parties sufficiently in advance of the date on which witness statements in the Arbitration are required to be submitted, in connection with the preparation and execution of witness statements.

        c.     On a reasonable basis to be determined by the parties sufficiently in advance of the hearings in the Arbitration, which are currently anticipated to occur in late-November and early-December 2008 in Geneva, Switzerland, in connection with the preparation for testimony in the Arbitration.

        d.     On a reasonable basis in connection with the hearings in the Arbitration. In connection with the hearings in the Arbitration, INVISTA shall inquire of the tribunal whether the testimony of Messrs. McKinney, Jackson and Foo can be taken and presented by videotape deposition or teleconference, provided, however, that in the event that the tribunal either directs that such testimony shall be live testimony (i.e., appearance at the hearings) or states a preference for such live testimony, DuPont shall assure the availability of Messrs. McKinney, Jackson and Foo for appearance at the hearings. In the event that Messrs. McKinney, Jackson and Foo provide live testimony at the hearings in the Arbitration, INVISTA shall pay for hotel accommodations, meals, roundtrip business class airfare and other reasonable travel expenses (e.g., taxi fares).

        3.     In connection with the May 20, 2008 meetings as set forth in paragraph 2. a. above, the following conditions shall apply:

        a.     Upon the execution of this stipulation, INVISTA shall provide to counsel for DuPont a general list of topics to be addressed with Messrs. McKinney, Jackson and Foo.

        b.     A DuPont in-house attorney may be present at the May 20, 2008 meetings, provided that DuPont shall not assert in any manner or in any matter or proceeding that the presence of the DuPont in-house lawyer constitutes a waiver of any privilege that INVISTA may have (or argue that such presence constitutes a basis for a claim of estoppel relating to any privilege claim made by INVISTA) with regard to the technology that may be the subject of discussions at the May 20, 2008 meetings or the content and subject matter of such discussions.

        c.     The May 20, 2008 meetings shall be reasonably limited to the topics provided by INVISTA, provided, however, that such limitation shall not be strictly construed and shall not extend to matters that relate to additional avenues of inquiry and discussion that may arise as a result of the meetings and further review by INVISTA counsel of matters between the date of the execution of this stipulation and the date of the meetings.

        d.     The meeting with Mr. McKinney shall be for a period of approximately 3 hours; the meeting with Mr. Jackson shall be for a period of approximately 3 hours; the meeting with Mr. Foo shall be for a period of approximately 1 hour; provided, however, that prior to the meetings, DuPont shall supply to each of Messrs. McKinney, Jackson

affiliated entities (hereinafter "Rhodia") in the ad hoc arbitration described in the complaint (the "Arbitration").

    b. On a reasonable basis to be determined by the parties sufficiently in advance of the date on which witness statements in the Arbitration are required to be submitted, in connection with the preparation and execution of witness statements.

    c. On a reasonable basis to be determined by the parties sufficiently in advance of the hearings in the Arbitration, which are currently anticipated to occur in late-November and early-December 2008 in Geneva, Switzerland, in connection with the preparation for testimony in the Arbitration.

    d. On a reasonable basis in connection with the hearings in the Arbitration. In connection with the hearings in the Arbitration, INVISTA shall inquire of the tribunal whether the testimony of Messrs. McKinney, Jackson and Foo can be taken and presented by videotape deposition or teleconference, provided, however, that in the event that the tribunal either directs that such testimony shall be live testimony (i.e., appearance at the hearings) or states a preference for such live testimony, DuPont shall assure the availability of Messrs. McKinney, Jackson and Foo for appearance at the hearings. In the event that Messrs. McKinney, Jackson and Foo provide live testimony at the hearings in the Arbitration, INVISTA shall pay for hotel accommodations, meals, roundtrip business class airfare and other reasonable travel expenses (e.g., taxi fares).

   3. In connection with the May 20, 2008 meetings as set forth in paragraph 2. a. above, the following conditions shall apply:

    a. Upon the execution of this stipulation, INVISTA shall provide to counsel for DuPont a general list of topics to be addressed with Messrs. McKinney, Jackson and Foo.

    b. A DuPont in-house attorney may be present at the May 20, 2008 meetings, provided that DuPont shall not assert in any manner or in any matter or proceeding that the presence of the DuPont in-house lawyer constitutes a waiver of any privilege that INVISTA may have (or argue that such presence constitutes a basis for a claim of estoppel relating to any privilege claim made by INVISTA) with regard to the technology that may be the subject of discussions at the May 20, 2008 meetings or the content and subject matter of such discussions.

    c. The May 20, 2008 meetings shall be reasonably limited to the topics provided by INVISTA, provided, however, that such limitation shall not be strictly construed and shall not extend to matters that relate to additional avenues of inquiry and discussion that may arise as a result of the meetings and further review by INVISTA counsel of matters between the date of the execution of this stipulation and the date of the meetings.

    d. The meeting with Mr. McKinney shall be for a period of approximately 3 hours; the meeting with Mr. Jackson shall be for a period of approximately 3 hours; the meeting with Mr. Foo shall be for a period of approximately 1 hour; provided, however, that prior to the meetings, DuPont shall supply to each of Messrs. McKinney, Jackson

and Foo copies of Rhodia's Statement of Defense and the exhibits thereto, which have previously been provided by INVISTA, so that they can prepare for the meetings, and the time limits set forth herein shall not be strictly enforced.

        e.      Neither DuPont nor Messrs. McKinney, Jackson or Foo shall disclose to anyone, including, without limitation, Rhodia (or any person or entity affiliated with Rhodia), its counsel or its consultants anything relating to the meetings, including, without limitation, (a) the list of topics to be provided by INVISTA, (b) the questions, answers or content of the discussions or (c) the identification or description of any documents reviewed before or during the meeting.

        4.      The conditions set forth in paragraphs 3. b. and e. shall also apply to the meetings set forth in paragraphs 2. b. and c.

        5.      The parties each reserve all rights relating to all other matters, including, without limitation, all matters concerning confidentiality and privilege relating to, and the use of, (a) any information discussed, disclosed or developed in connection with the meetings or (b) ADN technology, under the Purchase Agreement and related documents, including the Patent & Technical Information Agreement.

        6.      Nothing herein shall be construed, or argued by either party in any subsequent proceeding, as a precedent or an admission regarding any interpretation of any provisions of any agreement by and between the parties.

Dated:     New York, New York
             May 13, 2008

| CURTIS, MALLET-PREVOST, COLT & MOSLE LLP | BOIES, SCHILLER & FLEXNER LLP |
|---|---|
| By: _____ | By: _____ |
| Benard V. Preziosi, Jr. (BP-5715) | Robert J. Dwyer (RD-6457) |
| 101 Park Avenue, 35th Floor | 575 Lexington Avenue, 7th Floor |
| New York, New York 10178 | New York, New York 10022 |
| Tel.: (212) 696-6000 | Tel.: (212) 446-2300 |
| Fax: (212) 697-1559 | Fax: (212) 446-2350 |
| Attorneys for Plaintiffs | Attorneys for Defendant |

SO ORDERED

_/s/ John G. Koeltl_
United States District Judge

5/15/08

The Clerk is directed to close this case.
SO ordered.

_/s/ John G. Koeltl_
5/15/08  U.S.D.J.

-3-

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/2008
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

INVISTA B.V. AND INVISTA North America S.à r.l.,

        Plaintiffs,

    v.                                               08 CV 4298 (JGK)

E.I. DU PONT DE NEMOURS AND COMPANY,

        Defendant.

-----------------------------------------------------------X

## STIPULATED ORDER RESOLVING THE ACTION, INCLUDING DISMISSAL WITHOUT PREJUDICE

        WHEREAS INVISTA B.V. and INVISTA North America S.à r.l. (hereinafter "INVISTA") commenced this action by filing a complaint on May 7, 2008 and thereafter filed a motion, by order to show cause, seeking certain relief; and

        WHEREAS E.I. du Pont de Nemours and Company ("DuPont") submitted a letter dated May 8, 2008 in connection with INVISTA's complaint and motion; and

        WHEREAS the Court convened a hearing on May 8, 2008 and encouraged the parties to resolve the dispute that is the subject of INVISTA's complaint, and entered an order to show cause setting forth a schedule for the briefing of the motion; and

        WHEREAS the parties have resolved the dispute that is the subject of INVISTA's complaint as set forth herein and desire that the Court enter an Order setting forth the terms and conditions of that resolution as detailed herein;

        IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, by their undersigned counsel, as follows:

        1.    The action shall be dismissed without prejudice, with each of the parties bearing its own costs and expenses.

        2.    DuPont shall make Messrs. McKinney, Jackson and Foo available as follows:

            a.    On May 20, 2008, at the Wilmington Environmental Station, in connection with INVISTA's response to the Statement of Defense submitted by Rhodia S.A. and